IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PRITCHETT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHAWN WARRENDER, et al., | : | NO. 11-CV-4682 |
| Defendant. | : | |

**SCHEDULING ORDER**

AND NOW, this **15th** day of **February, 2012**, following a pretrial conference with all counsel and pursuant to joint proposed scheduling dates, IT IS ORDERED as follows:

1. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for and responses to fact discovery will be served, noticed and completed by **May 15, 2012**.

2. Dispositive motions shall be filed no later than **June 14, 2012**. Responses thereto are due on or before **July 16, 2012**.

    (a) The movant shall file, in support of the motion for summary judgment, a Statement of Undisputed Facts which sets forth, in numbered paragraphs, all material facts which the movant contends are undisputed;

    (b) The respondent shall file, in opposition to the motion for summary judgment, a separate Statement of Disputed Facts, responding to the numbered paragraphs set forth in the movant's Statement of Undisputed Facts, which the respondent contend present a genuine issue to be tried. The respondent shall also set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

    (c) All material facts set forth in the Statement of Undisputed Facts

required to be served by the movant shall be admitted unless controverted by the opposing party.

(d) Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record which support each of the statements. Each stated fact and each statement that a material fact is disputed shall cite the source relied upon, including the title, page and line of the document supporting the statement.

(e) Counsel shall submit a joint appendix, including any and all exhibits that may be referenced in their respective motions, no later than **July 16, 2012**. All pages/exhibits of the appendix shall be "bates stamped" and referenced in the motions consistent with the bates number assigned to each page. Any document/exhibit not included in the joint appendix will be disregarded.

Failure of the movant to follow this procedure in all respects will result in the denial of the motion. Respondent's failure to comply will result in the Court's considering the motion as uncontested.

3. On or before **August 6, 2012**, counsel for each party shall serve upon counsel for every other party:

(a) the original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions. Each party shall mark its trial exhibits <u>in advance of trial</u> with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice (<u>i.e.</u>, P-1, P-2; D-1, D-2);

(b) curriculum vitae for each expert witness expected to testify; and

(c) a specific identification of each discovery item expected to be offered into evidence. Parties are encouraged to provide the jury with electronic imaging of trial

exhibits.

      4. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court, <u>or</u> by Order of Court so as to avoid manifest injustice.

      5. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary.

      6. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c) on or before **August 27, 2012.**

      In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

      a. A listing of the identity of each expert witness to be called at trial by the party;

      b. a curriculum vitae for each expert witness listed;

      c. a listing of each fact witness to be called at trial with a brief statement

of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

      d.  an itemized statement of claimant's damages or other relief sought; and

      e.  a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

A courtesy copy of the pretrial memoranda shall be sent to the Court (Chambers).

7.  All motions in limine shall be filed on or before **August 13, 2012**.  Responses thereto are due on or before **August 27, 2012.**

8.  Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and concisely, in their pretrial memorandum.  Such objection shall describe <u>with particularity</u> the ground and the authority for the objection.  Unless the court concludes at trial that manifest injustice will result, the Court can be expected to <u>overrule</u> any objection offered <u>at trial</u> in respect to any matter covered by (a), (b), (c) and/or (d) above, if the Court concludes that the objection should have been made as required by this Order.

9.  The parties shall file in writing with the Clerk of Court one (1) copy of **<u>joint</u>** proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury.  The parties shall also file one (1) copy of proposed jury instructions, verdict forms, or special interrogatories on those issues not agreed upon by the parties in their joint submission.  These filings shall be made **on or before August 27, 2012.**  Jury instructions

shall be submitted each on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate.  A courtesy copy of these filings shall be submitted to chambers.

      10.  The parties will submit a joint neutral statement of the facts for voir dire, by **August 27, 2012**.  Prior to the final pre-trial conference, the parties will submit joint questions for voir dire by, highlighting only the disputed questions.  Voir dire questions should not number more than 15.

      11.  A final pretrial conference for this matter is set for **September 11, 2012**, at 9:00 a.m.  The final pretrial conference will be a telephone conference.

      12.  **No later than three days** before the date trial is scheduled to commence if a date certain, or three days before case appears in the trial pool, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1.

      13.  This case will be listed for trial as follows:

Date Certain:  <u>**September 18, 2012**</u> at **9:30 A.M.** in Courtroom <u>**3G**</u>.  Jury selection will occur on <u>**September 18, 2012**</u> at 9:30 A.M.**,** and trial will begin immediately thereafter.  The trial is expected to last two days.  Counsel should consider themselves attached as of this date.

<u>COUNSEL PLEASE NOTE:</u>  This Scheduling Order will be the only written notice counsel receive of the date this case will be tried.  Counsel and all parties shall be prepared to select a jury and commence trial on **September 18, 2012**.

14.  At the commencement of trial, the parties shall provide the Court with two (2) copies of a schedule of exhibits which shall briefly describe each exhibit.  At the trial, the parties shall provide the Court with two (2) copies of each exhibit at the time of its first use at trial.

          BY THE COURT:

           /s/ Timothy R. Rice
          HONORABLE TIMOTHY R. RICE
          United States Magistrate Judge