**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY PRITCHETT,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **No. 11-4682** |
| | : | |
| **SHAWN WARRENDER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

And now, this **31st** day of **July, 2012**, upon consideration of Defendants' Motion for

Summary Judgment (doc. 22), and Plaintiff Anthony Pritchett's response thereto, it is hereby

**ORDERED** that Defendants' Motion is **GRANTED** with respect to Plaintiff's claim against the

City of Philadelphia (Count II), and **DENIED** with respect to Pritchett's claims against

Defendant Shawn Warrender (Counts I and III).

Pritchett was arrested on July 29, 2010 and charged with stealing his supervisor's laptop

computer from her office.  The charges were withdrawn six months later.  On January 26, 2011,

Pritchett sued Warrender and the City under 42 U.S.C. § 1983, alleging two counts of Malicious

Prosecution against Warrender and one count of Municipal Liability against the City.  Warrender

and the City seek summary judgment.

Summary judgment is appropriate only where "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  I

must "view the facts and draw inferences in the light most favorable to the nonmoving party."

Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010).  A genuine issue as to a material fact

exists when "there are any genuine factual issues that properly can be resolved only by a finder of

fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

To prevail on his claim of malicious prosecution, Pritchett must demonstrate: 1) Warrender initiated criminal proceedings against him; 2) the criminal proceedings ended in Pritchett's favor; 3) the proceedings were initiated without probable cause; 4) Warrender acted maliciously or for a purpose other than bringing Pritchett to justice; and 5) Pritchett has suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005).[1]

Summary judgment is granted with respect to Pritchett's claim against the City because Pritchett has abandoned that claim. See Mem. Law Supp. Pl.'s Opp'n Defs.' Mot. Summ. J. at 3, Pritchett v. Warrender, No. 11-4682 (E.D.Pa. July 16, 2012). Several genuine disputes remain, however, regarding facts material to Pritchett's claims against Warrender, including:

- Whether Pritchett had permission to be in the rooms or on the loading dock where he was observed on video surveillance;

- Whether Pritchett entered the area containing the laptop, and if so, how long he remained there;

- Whether the box loaded into the pick-up truck contained a laptop computer or Pritchett's valuables;

- Whether Warrender recklessly omitted material facts in his affidavit of probable cause;

---

[1]Pritchett's state-law malicious prosecution claim is subject to a similar standard. Pritchett would have to establish that Warrender instituted the proceedings against Pritchett: 1) without probable cause; 2) with malice; and 3) the proceedings must have terminated in favor of Pritchett. Kelley v. Gen. Teamsters, Chauffeurs, & Helpers, Local Union 249, 544 A.2d 517, 520-21 (Pa. 1988); see LaFrankie v. Miklich, 618 A.2d 1445, 1448 (Pa. Commw. Ct. 1992).

- Whether Warrender's affidavit of probable cause misrepresented the contents of the video tape; and

- Whether a reasonable police officer in Warrender's position would have conducted further investigation, such as visiting the crime scene or speaking to witnesses, before seeking an arrest warrant.

These disputes cannot be resolved as a matter of law after viewing the video footage submitted by the parties; the video is ambiguous and will require consideration by a jury.[2]

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
United States Magistrate Judge

---

[2] The same factual disputes preclude a finding at this time that Warrender is entitled to qualified immunity.