# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anthony Pritchett | : | |
| 906 Rockland Street | : | |
| Philadelphia, PA 19141 | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 11-4682 |
| v. | : | |
| | : | |
| City of Philadelphia, et al., | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | JURY TRIAL DEMAND |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

**1.       Statement of Facts.**

On June 9, 2010 Plaintiff, Anthony Pritchett was lawfully upon the premises of 1600 JFK Boulevard, Philadelphia, Pennsylvania where he worked for Arthur Jackson, a company which provided janitorial services to office buildings.  On June 10, 2010, Sophia Solski, a non-party made a complaint with Defendants City of Philadelphia in Defendant Warrender that her laptop computer was stolen from her work locker.  Solski advised Defendant Warrender, during his interview of Solski that Plaintiff had stolen the laptop.

During this interview, Solski and Warrender claim they reviewed video surveillance of the room where Solski's locker was claimed to be broken into.  However, the video surveillance does not depict Plaintiff committing any crime or violation.  The video surveillance merely shows Plaintiff typical and usual job duties in association with his employment, i.e., removing garbage from 1600 JFK Boulevard.

Defendant Warrender issued an Affidavit of Probable Cause against Plaintiff, and as a result of the affidavit of probable cause, on July 29, 2010, Plaintiff was arrested, arraigned and charged with three offenses: Theft By Unlawful Taking, 18 Pa.C.S.A. § 3912; Receipt of Stolen Property, 18 Pa.C.S.A. § 3925; and Criminal Conspiracy Engaging in Theft By Unlawful Taking, 18 Pa.C.S.A. § 903.  Up until the time of trial, Defendants never produced any video surveillance at the criminal trial of Plaintiff, and as a result of the failure by Defendants to produce the supposed video surveillance tape depicting Plaintiff committing a crime, Plaintiff's criminal trial was continued twice.

On January 13, 2011 all charges against Plaintiff were withdrawn by the Commonwealth of Pennsylvania, as a result of the failure to produce a videotape depicting Plaintiff committing

any crime. At all times material hereto, Plaintiff and complaining witness Sophie Solski had been engaged in a disagreement at work, giving rise to Solski's false claims against Plaintiff.

Plaintiff was incarcerated on the aforementioned charges from July 29, 2010 until January 13, 2011. The Affidavit of Probable Cause contains false information. The false statements set forth in the Affidavit of Probable Cause include the statement that "additional surveillance shows the offender placing the storage box in the back of a pickup truck and that truck flees the parking area." The surveillance videos supplied in this case does not depict Plaintiff placing a storage box in the back of a pickup truck. The Affidavit of Probable Cause contains other false information including the statement that "the offender is a custodian and does have a right to be in the areas surrounding the scene of the theft (outside of the office) but has no legal right to be inside the office where the laptop was secured." At no time did any individual make a statement that Plaintiff did not have the legal right to be inside the office.

The only statement that was made by the complaining witness, Solski, in which she said that it was irregular and/or unusual that Plaintiff would have been inside the office at the time Solski claimed he was there. Defendant Warrender did nothing to verify whether the Plaintiff had a right to be in the office, and did no investigation to determine whether the Plaintiff actually was inside the office, other than based upon the word of Solski. The video surveillance supplied by Plaintiff in this case does not depict Plaintiff actually entering in the office.

**2.     Plaintiff's exhibits.**

With the Court's permission, the parties will produce their exhibits prior to trial, at the time of the Pre-Trial Conference.

Plaintiff hereby submits the following exhibit list in preparation for trial:

1. Deposition Transcript of Shawn Warrender;

2. Affidavit of Probable Cause;

3. Arrest/Incident Investigation Report;

4. Dismissal of Charges;

5. Statement of Sophie Solski;

6. Video Surveillance obtained through Arthur Jackson;

7. All pleadings; and

8. All discovery requests and responses; and/or

9. Any and all documents subpoenaed and/or exchanged between the parties through discovery and/or in anticipation of trial. Plaintiff reserves the right to supplement this list up

until the time for trial.  Further, Plaintiff does not waive any objections to the admissibility of any of the foregoing up until either party actually proffers the document for admissibility at trial.

3. **Each party's witnesses and the subject matter of the witness's testimony.**

Plaintiff's Witnesses.

Plaintiff, Anthony Pritchett.  Plaintiff will testify regarding the incident, Defendant's arrest as his injuries.

Sophie Solski is expected to testify as to the incident, and her statements to police concerning the incident.

4. **Unusual issues.**

None at this time.

5. **Proposed trial documents.**

The parties are currently finalizing the Joint Proposed Voir Dire and Joint Proposed Jury Instructions.  The parties will each submit separate Verdict Slips and additional Jury Instructions that they have not agreed upon.

6. **Equipment needed for trial.**

An overhead projector, ELMO, or some type of DVD projection system is the only electronic equipment that will be required, so that the Court may review the surveillance video forming the alleged justification for Defendant, Warrender's affidavit of probable cause.

7. **Complete Itemization of Damages.**

    A.    Pain and Suffering as a result of Plaintiff's unlawful arrest and incarceration.  To be determined by the jury.

    B.    Loss of wages through Arthur Jackson.  To be determined by the jury.

    C.    Attorneys fees and costs.  To be submitted via post-trial motion.

    D.    Punitive Damages.  To be determined by the jury.

    WEISBERG LAW, P.C.
/s/ Graham F. Baird, Esquire___
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anthony Pritchett | : | |
| 906 Rockland Street | : | |
| Philadelphia, PA 19141 | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 11-4682 |
| v. | : | |
| | : | |
| City of Philadelphia, et al., | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | JURY TRIAL DEMAND |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

    I, Graham F. Baird, Esquire, hereby certify that on this 27th day of August, 2012, a true and correct copy of the foregoing Plaintiff's Pre-Trial Memorandum was served via ECF upon the following parties:

Niya L. Blackwell, Esq.
City of Philadelphia Law Dept.
1515 Arch Street
Philadelphia, PA 19107

                                          WEISBERG LAW, P.C.

                                          /s/ Graham F. Baird, Esquire___
                                          Matthew B. Weisberg, Esquire
                                          Graham F. Baird, Esquire
                                          Attorneys for Plaintiffs